IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


FERESHTEH SABET,

        Plaintiff,

    v.

INTEL CORPORATION,

        Defendant.

No. CV 08-746-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Fereshteh Sabet brought suit against defendant Intel Corporation, alleging malicious prosecution after her criminal conviction for telephonic harassment was overturned on appeal. Currently before the court is Intel's Motion for Summary Judgment (#17). Ms. Sabet represents herself pro se and the court construes the documents (## 23, 29) she submitted as a Response to Intel's motion. For the reasons discussed below, the Motion for Summary Judgment (#17) is GRANTED.

## BACKGROUND

    Ms. Sabet was employed by Intel from May 22, 2000, through June 20, 2000. (Thronson Decl. (#20) ¶ 3, 5.) Intel terminated Ms. Sabet after she failed to pass the background

PAGE 1 - OPINION AND ORDER

investigation. (*Id*. ¶ 5.) After investigating Ms. Sabet's internal grievance complaint, Intel concluded that the investigation was conducted fairly and advised her that she was not eligible for rehire. (*Id*. ¶ 13, Ex. 2.) After her termination, Ms. Sabet continued to seek employment with Intel and applied for approximately twenty-five positions through October 2003. (Campbell Decl. (#22) Ex. 13 at 5-6.) After January 2001, Intel advised Ms. Sabet on more than one occasion that she was not eligible for rehire and to stop contacting Intel. (*See, e.g., id*. Ex. 14 at 6; Hensley Decl. (#21) Ex. 3, Ex. 7.) On November 4, 2003, Rich Hensley, an Intel Corporate Security Investigator, sent Ms. Sabet a letter stating: ". . . you are to have no further contact with Intel or Intel representatives without my express written permission. If you fail to comply with this notification, this matter will be turned over to law enforcement for further action." (Hensley Decl. Ex. 7; Compl. (#1) ¶ 6.) After this letter, Ms. Sabet several times contacted Mr. Hensley, his boss Dan Purtell, and Arden True-Owens in Human Resources. (Campbell Decl. (#22) Ex. 13 at 7, Ex. 14 at 11-13; Hensley Decl. (#21) ¶ 8-10.)

On December 16, 2003, Mr. Hensley reported the telephone calls to the Hillsboro Police Department. (Hensley Decl. (#21) ¶ 11.) Ms. Sabet was convicted on August 11, 2004, of four counts of telephonic harassment after a bench trial. (Campbell Decl. (#22) Ex. 14 at 15, Ex. 10.) Ms. Sabet represented herself at trial. On December 20, 2006, the Oregon Court of Appeals reversed and remanded the case because the "trial court erred in accepting her waiver of her right to counsel without discerning whether defendant understood the dangers of self-representation." (*Id*. Ex. 11.) On May 17, 2007, the Washington County District Attorney declined to retry the case, dismissing the charges because several of the necessary witnesses had moved out of state and were not available for trial. (*Id*. Ex. 12.)

PAGE 2 - OPINION AND ORDER

## DISCUSSION

### I. Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine issue of fact exists for trial, the non-moving party cannot then rest on the pleadings but must respond with evidence setting out "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party has the "burden of advertising [sic] to 'specific facts showing that there is a genuine issue for trial.' . . . It is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case." *Claar v. Burlington N. R.R.* Co., 29 F.3d 499, 504 (9th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Further, a district court may grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill*, 983 F.2d 943, 949-50 (9th Cir. 1993).

### II. Malicious Prosecution Claim

Under Oregon law, a malicious prosecution claim requires the following elements: "(1) the institution or continuation of the original criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; 4) malice in instituting

the proceedings; (5) lack of probable cause for the proceeding; and (6) injury or damage because of the prosecution." *Blandino v. Fischel*, 39 P.3d 258, 261 (Or. Ct. App. 2002) (quoting *Rose v. Whitbeck*, 562 P.2d 188, 190 (Or. 1977). The elements for criminal and civil malicious prosecution causes of action are essentially the same in Oregon. *Portland Trailer & Equip., Inc. v. A-1 Freeman Moving & Storage, Inc.*, 49 P.3d 803, 805 n.1 (Or. Ct. App. 2002) ("Because the two causes of action are so similar, authorities often use the terms and their legal analyses interchangeably." (citing *Checkley v. Boyd*, 14 P.3d 81, 91 (Or. Ct. App. 2000))); s*ee also Erlandson v. Pullen*, 608 P.2d 1169, 1172 (Or. Ct. App. 1980) (stating that a "wrongful initiation of a civil proceeding is the civil counterpart to a malicious prosecution action").

Intel argues that it had probable cause to bring the criminal proceeding and there is no evidence in the record that Intel acted with malicious intent in so doing. I agree.

### A. *Probable Cause Requirement*

"Probable cause is a question of law for the court." *Dow v. Sears, Roebuck & Co.*, 734 P.2d 1387, 1391 (Or. Ct. App. 1987) (citing *Lambert v. Sears, Roebuck*, 570 P.2d 357, 360 (Or. 1977)). However, "[i]f there are disputed material facts bearing on probable cause, they are ordinarily submitted to the jury." *Id*.

Probable cause exists where the person initiating criminal proceedings: "(a) reasonably believes that the person accused has acted or failed to act in a particular manner, and (b)(i) correctly believes that such acts or omissions constitute at common law or under an existing statute the offense charged against the accused, or (ii) mistakenly so believes in reliance on the advice of counsel under the conditions stated in § 666." *Gustafson v. Payless Drug Stores Nw., Inc.*, 525 P.2d 118, 120 (Or. 1974) (quoting *Varner v. Hoffer*, 515 P.2d 920, 922 (Or. 1973)). In

PAGE 4 - OPINION AND ORDER

short, "'probable cause' refers to the subjective and objectively reasonable belief that the defendant committed a crime." *Blandino*, 39 P.3d at 261. Further, "conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." *Hryciuk v. Robinson*, 326 P.2d 424, 429 (Or. 1958) (quoting Restatement (Third) of Torts § 667(1)).

Here, Ms. Sabet has not pointed to any specific evidence in the record suggesting that Intel lacked probable cause in bringing the telephonic harassment charges against her. There are no facts that she has pointed to that demonstrate that Intel lacked a subjective and objectively reasonable belief that Ms. Sabet committed a crime with her continued contact.

Furthermore, probable cause existed because Ms. Sabet was convicted of four counts of telephonic harassment in August 2004. Her conviction establishes there was probable cause for initiating the proceedings, despite the fact that the conviction was overturned on appeal because of a procedural deficiency at trial. *See Hryciuk*, 326 P.2d at 429.

Ms. Sabet alleges in a letter to the court that her conviction was the result of Mr. Hensley lying at her trial. (Sabet Letter (#23), Oct. 12, 2008.) However, Ms. Sabet does not present actual evidence supporting this claim. The documentation that Ms. Sabet submitted to the court does not point to specific facts that Mr. Hensley lied at trial.[1] Ms. Sabet's allegations, while she may believe them, are unsupported by affidavits, deposition testimony, or documents setting

---

[1] There are a host of procedural deficiencies related to the documentary evidence Ms. Sabet sought to have entered into the record. However, because no genuine issue of material fact exists, even if the documents are fully considered, the court declines to rule on the admissibility of each individual submission.

PAGE 5 - OPINION AND ORDER

forth facts that would create a genuine issue for trial. Her conclusory allegation that Mr. Hensley lied is not sufficient to establish that her criminal conviction was the result of any impropriety during the trial. *See Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003) (stating that "conclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment.") Thus, these convictions "conclusively establish[] the existence of probable cause." *See Hryciuk*, 326 P.2d at 429. Because probable cause exists as a matter of law in this case, Ms. Sabet cannot establish one of the required elements for malicious prosecution. Therefore, summary judgment is appropriate.

      B.    *Malicious Intent Requirement*

The fourth requirement for a malicious prosecution claim is malice. Malice means "the existence of a primary purpose other than that of securing an adjudication of the claim." *Perry v. Rein*, 168 P.3d 1163, 1170 (Or. Ct. App. 2007) (citing *Alvarez Retail Credit Ass'n*, 381 P.2d 499, 501 (Or. 1963). Whether malice exists or not is usually a question for the jury. *Erlandson,* 608 P.2d at 1175; *see also Gustafson*, 525 P.2d at 124 ("Malice, unlike probable cause, is a question for the jury.")

While mindful that malice is usually a fact issue to be decided by a jury, in this case there is no evidence in the record that Intel had any reason to initiate the criminal proceedings other than to stop Ms. Sabet from contacting Intel. Mr. Hensley's declaration indicates that he contacted the Hillsboro Police Department solely to stop Ms. Sabet's unwanted contacts with Intel. (Hensley Decl. (#21) ¶ 11.) Ms. Sabet has not brought any specific facts to the court's attention that suggest Intel had any motivation to initiate the telephonic harassment charges other than to address her continuing and unwanted contact with Intel. For this reason, there is no

PAGE 6 - OPINION AND ORDER

evidence on which a rational juror could find for Ms. Sabet on the malice requirement. As such, the malicious prosecution claim fails as a matter of law.

## CONCLUSION

Based on the foregoing, I GRANT the defendant's Motion for Summary Judgment (#17). IT IS SO ORDERED.

DATED this  21st  day of January, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court